```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  MICHELLE RODRIGUEZ
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR. NO. S-07-030-GEB |
| Plaintiff, | ) | |
| v. | ) | |
| ROBERT BRIAN WINSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR. NO. S-07-489-EJG |
| Plaintiff, | ) | |
| v. | ) | |
| ROBERT BRIAN WINSTON, | ) | |
| | ) | MOTION TO RELATE CASES |
| Defendant. | ) | AND PROPOSED ORDER |
| _____ | ) | |

HEREBY, under Local Rule 83-123(3) & (4), the United States notifies the Court of the filing of a related case. HEREBY FURTHER, the United States moves the case, CR. S-07-489-EJG, be related with an earlier filed case, CR. S-07-030-GEB.

On February 1, 2007, an Indictment was filed in the Eastern District of California initiating CR. S-07-030-GEB. The Indictment in CR. S-07-030-GEB charged Winston as follows: 18 U.S.C. §§ 2113(a) and (d) - Armed Bank Robbery (2 counts); 18 U.S.C. § 924(c)(1) - Using and Carrying a Firearm (3 counts); 18 U.S.C. § 2119 - Carjacking.

On October 30, 2007, an Information was filed initiating CR. S-07-489-EJG. The Information in CR. S-07-489-EJG charged Winston with an additional count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). The Information charged an offense that was committed in the Northern District of California.

By this motion, the United States submits that the latter charged Information against Winston, Cr. 07-489-EJG, should be related before Judge Burrell with the earlier charged Indictment against Winston, Cr. 07-030-GEB. In each case the identical defendant (Winston) is charged; also, in each case there are similar victims (federally insured financial institutions), similar witnesses, and a similar modus operandi. Moreover, Winston, by and through his counsel (Assistant Federal Defender Ned Smock), specifically requests that the cases be related before the same judicial officer.

As to the Information in CR. S-07-489-EJG, Winston (again through his counsel) requests (1) to waive venue in the Northern District of California, (2) to consent to jurisdiction in the Eastern District of California, (3) to waive indictment in the Eastern District of California, and (4) to enter a guilty plea in the Eastern District of California. Also, Winston (through his counsel) requests to resolve the Information in CR 07-489-EJG at the time he resolves the Indictment in CR 07-030-GEB. On November 16, 2007, the indicted case, CR 07-030-GEB, is scheduled (before Judge Burrell) for status hearing/change of plea hearing.

///

ACCORDINGLY, the United States -- having represented that in CR. S-07-030-GEB and CR. S-07-489-EJG there is the same defendant, and there are related evidence issues, sentencing issues, and similar witness concerns -- respectfully moves for relation of the latter case (CR 07-489-EJG) with the earlier case (CR 07-030-GEB) already before the previously assigned judicial officer (Judge Burrell).  For the reasons set forth herein, such relation of cases would help defense counsel, victims, and witnesses deal with prosecutorial and judicial burdens.  In addition, relating the latter case (charged by Information) with the EARLIER case (charged by Indictment) would be efficient for the U.S. Probation Office.

Dated:   10/31/2007                     McGREGOR W. SCOTT
                                        United States Attorney

                               By:      /s/ Michelle Rodriguez
                                        MICHELLE RODRIGUEZ
                                        Assistant U.S. Attorney

---------------------------------------------

**RELATED CASE ORDER**

Examination of the above-captioned matter, CR. NO. S-07-030-GEB, and the criminal action in CR. NO. S-07-489-EJG reveals that the actions are related within the meaning of Local Rule 83-123. The actions involve similar transactions, including as to defendant, victims, and witnesses, and would therefore entail a substantial duplication of labor if heard by different judges. Accordingly, the assignment of the matters to the same judge is likely to effect a substantial savings of judicial effort and is also likely to be convenient for the parties.

1    The parties should be aware that relating the cases under
2 Local Rule 83-123 merely has the result that the actions are
3 assigned to the same judge.  No consolidation of the actions is
4 effected.  Under the regular practice of this court, related cases
5 are assigned to the judge to whom the first filed action was
6 assigned.
7    IT IS THEREFORE ORDERED that the action denominated CR. NO. S-
8 07-489-EJG is reassigned to Judge Burrell, for all further
9 proceedings.  Henceforth, the caption on documents filed in the
10 reassigned case shall show the initials "GEB" instead of the other
11 jurist's initials.
12   IT IS FURTHER ORDERED that the clerk of the Court make
13 appropriate adjustment in the assignment of criminal cases to
14 compensate for this reassignment.

16 DATED: November 14, 2007

17                                    _____
                                      GARLAND E. BURRELL, JR.
18                                    United States District Judge